**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| IN RE: § <br> ASARCO LLC, et al. § <br> Debtors § <br> § <br> ASARCO LLC § <br> Plaintiff, § <br> § <br> v. § <br> § <br> AUGUSTA RESOURCE (ARIZONA) § <br> CORPORATION, et al. § <br> Defendants. § <br> § | Civ. No. CC-08-128 |

**ORDER DENYING MOTION TO WITHDRAW THE REFERENCE**

The case is an adversary proceeding presently pending in the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division. Defendants filed a Motion to Withdraw the Reference (D.E. 1), asserting three grounds for transferring the action to the District Court. The Bankruptcy Court issued a Report and Recommendation on the motion (D.E. 2). No objections have been filed.

First, defendants assert that mandatory withdrawal is required under 28 U.S.C. § 157(d). This statute provides that withdrawal must occur if the Court determines that resolution of the case requires consideration of both the Bankruptcy Code and other laws of the United States regulating organizations or activities affecting interstate commerce.

1

28 U.S.C. § 157(d). The Bankruptcy Court found that the present action required determination of whether defendants fraudulently transferred property. The Bankruptcy Court found that this issue was a core bankruptcy matter and that deciding it would not require resolution of non-bankruptcy, federal statutes.

Second, defendants assert that they are entitled to a trial by jury in this matter and have moved to withdraw the reference because they seek trial by jury before the District Court. The Bankruptcy Court recommended maintaining the action in that court in order to promote judicial economy and efficiency until the case is ready for trial. The Bankruptcy Court stated that if a perfected right to jury trial exists in the case, it will recommend withdrawal of the reference when it is trial-ready.

Third, defendants assert that the reference should be withdrawn for cause. The Bankruptcy Court identified "cause" as being determined by the weighing of factors of judicial economy, uniformity in bankruptcy administration, preservation of the parties' resources, and avoidance of forum shopping and confusion. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). The Bankruptcy Court found that the above factors did not support withdrawing the reference for cause. The Bankruptcy Court emphasized that the adversary proceeding is at an early stage, that the Bankruptcy Court has experience handling matters involving the present parties, and that the Bankruptcy Court has a record of addressing cases with appropriate speed.

The Court adopts the Bankruptcy Judge's recommended decision. Defendants' Motion for Withdrawal of Reference of the Adversary Proceeding is DENIED without prejudice.

ORDERED this __26__ day of __June__ 2008.

HAYDEN HEAD
CHIEF JUDGE